**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HELENA KANELOUS,
an individual,

                                          Case No.:

         Plaintiff,

v.

PERSOLVE RECOVERIES, LLC
d/b/a PERSOLVE LEGAL GROUP, LLP,
a foreign limited liability company,
and EXPERIAN INFORMATION
SOLUTIONS, INC., a foreign for-profit
Corporation,

         Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, HELENA KANELOUS (hereinafter,

"Plaintiff"), by and through the undersigned counsel, and hereby files this

Complaint against Defendants, PERSOLVE RECOVERIES, LLC (hereinafter,

"Persolve"), and EXPERIAN INFORMATION SOLUTIONS, INC.

(hereinafter, "Experian") (hereinafter collectively, "Defendants").    In

support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

    1.    This is an action brought by Plaintiff, an individual consumer,

for damages for Persolve's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Persolve incorrectly credit-reported and subsequently verified incorrect reporting concerning a collection account on Plaintiff's consumer credit reports and consumer credit files as maintained by Experian.

2.     More specifically, despite Plaintiff disputing the validity of the the account and asserting that Plaintiff no longer owed the account, Defendants continued to report the account as owed by Plaintiff, in violation of the FCRA.

3.     Similarly, this is an action brought by an individual consumer for damages for Experian's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Experian failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Experian—with respect to the account furnished by Persolve—following Plaintiff's disputes.

4.     More specifically, Experian inaccurately, incompletely, and misleadingly credit reported the tradeline account furnished by Persolve as owed by Plaintiff on Plaintiff's consumer credit reports and in Plaintiff's

consumer credit files as maintained by Experian despite Plaintiff advising Defendants that she no longer owed the account.

## JURISDICTION, VENUE & PARTIES

5.     Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

6.     Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

7.     Venue is proper in this District as the acts and transactions described herein originated and occurred in this District.

8.     At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

9.     At all material times herein, Persolve is a foreign limited liability company existing under the laws of the state of Florida with its principal place of business in California.

10.     At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

11.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

12.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.  *Id.* at § e(b) (emphasis added).

13.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

14.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any

consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

15. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

16. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a

nationwide basis.  *Id.* at § s-2(b).

17.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees.  *Id.* at § n.

18.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees.  *Id.* at § o.

## **GENERAL ALLEGATIONS**

19.     At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual.

20.     At all material times herein, Defendants credit report information concerning a collection account furnished by Persolve with an account number 19007128 (hereinafter, "Persolve Account" or "Account" or

"Alleged Debt").

21.    At all material times herein, Persolve is a "person" that furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

22.    At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Experian disburses such consumer reports to third parties under contract for monetary compensation.

23.    At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

24.    All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

25.    On June 5, 2018, Plaintiff filed for Chapter 7 Bankruptcy in the Middle District of Florida, Tampa Division, Case No. 8:18-bk-04695-CPM.

26.     Within her Voluntary Petition, Plaintiff included DT Credit Company, LLC as a creditor who shall be discharged within the chapter 7 bankruptcy (hereinafter, "Voluntary Petition").  A true and correct copy of the Voluntary Petition is attached as **Exhibit A**.

27.     Upon information and belief, DT Credit Company, LLC was the predecessor of Bridgecrest Acceptance Corporation.

28.      On September 12, 2018, the Court granted a discharge in Plaintiff's bankruptcy case (hereinafter, "Discharge").  A true and correct copy of the Discharge is attached as **Exhibit B**.

29.     As such, as of September 12, 2018, Plaintiff no longer owed monies to DT Credit Company (N/K/A Bridgecrest Acceptance Corporation).

30.     Despite this, it seems Bridgecrest Acceptance Corporation sold, hired, or assigned the alleged debt to Persolve.

**Plaintiff's Disputes and Results**

31.     In December 2021, Plaintiff obtained her Experian credit report.

32.     In January 2022, Plaintiff sent a dispute to Experian disputing Defendants' reporting of the Account (hereinafter, "Plaintiff's First Dispute").

33.    Experian received Plaintiff's First Dispute and conveyed the same to Persolve.

34.    Persolve received Plaintiff's First Dispute.

35.    In response to Plaintiff's First Dispute, Experian verified the Persolve account as accurate with a $12,979 recent balance.

36.    On or about May 16, 2022, Plaintiff sent a second dispute letter to Experian disputing Defendants' continued reporting of the Account (hereinafter, "Plaintiff's Second Dispute Letter").  A true and correct copy of Plaintiff's Second Dispute Letter is attached as **Exhibit B.**

37.    Experian received Plaintiff's Second Dispute Letter and conveyed the same to Persolve.

38.    Experian verified the Account as owed in response to Plaintiff's Second Dispute Letter.

39.    In response to Plaintiff's third dispute, Experian and Persolve finally removed the Persolve account.

40.    Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

41.    Additionally, as a result of Defendants' actions, Plaintiff suffered

emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion, believing that despite Plaintiff's dispute efforts, Plaintiff must endure the erroneous and inaccurate reporting.

42.   Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would continue to be evaluated for credit upon the erroneous and incorrect reporting and that Plaintiff would instead pay higher interest rates in the event she could obtain financing.   Plaintiff suffered additional actual damages in the form of damage to her reputation, and upon information and belief—higher credit costs, and other additional costs and fees.

43.   The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(As to Persolve Only)**

Plaintiffs re-allege paragraphs one (1) through forty-three (43) as if fully restated herein and further states as follows:

44.    Persolve is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian delete the Account from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

45.    As described herein, Plaintiff does not owe the Debt because it was discharged in her Chapter 7 bankruptcy.

46.    Despite Persolve receiving notice of Plaintiff's disputes from Plaintiff, Experian—including the information and documents referenced in the above paragraph—Persolve willfully and/or negligently failed to request that Experian delete the tradeline associated with the Account and continued to report derogatory, late payment information to Experian and including significant balances due, and as significantly past-due.

47.    Persolve's re-investigations were not conducted in good faith.

48.    Persolve's re-investigations were not conducted reasonably.

49.    Persolve's re-investigations were not conducted using all information and documents reasonably available to Persolve.

11

50.     As a result of Persolve's conduct, actions, and inactions, Plaintiff suffered damage to  her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

51.     Persolve's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

52.     Persolve's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT TWO:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

**(As to Experian Only)**

Plaintiff re-alleges paragraphs one (1) through forty-three (43) as if fully restated herein and further states as follows:

53.    Experian is subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

54.    Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

55.    Specifically, despite Plaintiff advising Experian that Plaintiff did not owe the Account—Experian continued to report the Account with a balance due, with a balance past-due, resulting in the Account being reported as a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

56.    Further, Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's

disputes of the above-referenced inaccuracies contained in her Experian credit reports and credit file.

57.   Such reporting of the Account is false and evidences Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

58.   As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, were deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

59.   Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

60.   Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA,

and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT THREE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)
### (As to Experian Only)

Plaintiff re-alleges paragraphs one (1) through forty-three (43) as if fully restated herein and further states as follows:

61. Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files.

62. Specifically, Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

63. Experian did not request any documents from Persolve corroborating information furnished and verified by Persolve to Experian regarding Plaintiff and the Account in response to any of Plaintiff's Disputes.

15

64.   As such, Experian's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

65.   Such reporting is false and evidences Experian's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

66.   Experian's reinvestigations of Plaintiff's disputes were not conducted reasonably.

67.   Experian's reinvestigations merely copied and relied upon the inaccurate Account information conveyed by Persolve.

68.   Experian's reinvestigations of Plaintiff's disputes were not conducted in good faith.

69.   Experian's reinvestigation procedures are unreasonable.

70.   Experian's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian.

71.   Experian's reinvestigations were *per se* deficient by reason of these failures in Experian's reinvestigations of Plaintiff's disputes and the Account.

72.   As a result of Experian's conduct, actions, and inactions, Plaintiff

suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

73.     Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

74.     Experian's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FOUR:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)**
**(As to Experian Only)**

Plaintiff re-alleges paragraph one (1) through forty-three (43) as if fully restated herein and further states as follows:

75.     Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

76.     Specifically, despite Experian receiving Plaintiff's Disputes— Experian *continued* to report the Account with derogatory, late payment information, causing the Account to be reported as a derogatory, negative, or adverse account.

77.     Experian's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

78.     As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment

information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

79.     Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

80.     Experian's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT FIVE:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)
### (As to Experian Only)

Plaintiff re-alleges paragraphs one (1) through forty-three (43) as if fully restated herein and further states as follows:

81.     Experian is subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

82.     Specifically, despite Experian receiving Plaintiff's Disputes, Experian failed to delete the Account from Plaintiff's credit reports and credit files.

83.     Instead, Experian continued to report derogatory, late payment information regarding the Account.

84.     As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

85.     Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

86.     Experian's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with

the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

      a.     Judgment against Defendants for maximum statutory damages for violations of the FCRA;

      b.     Actual damages in an amount to be determined at trial;

      c.     Compensatory damages in an amount to be determined at trial;

      d.     Punitive damages in an amount to be determined at trial;

      e.     An award of attorney's fees and costs; and

      f.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper,

electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

*/s/ Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 0125561**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*